_Special_ 802



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Syrian E. Marbut
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-5566
Re: Does Senate Bill No. 130,
48th Legislature, release
delinquent costs? And a
related question.

We have your request for opinion, which is as follows:

"I have been requested by H. E. Bryan, Tax Assessor and Collector for Lubbock County, Texas, for an opinion from your office regarding the following questions, towit:

"Referring to your opinion number 0-5463, which refers to Senate Bill No. 130 passed by the 48th Legislature with reference to the collection of penalties and interest on delinquent taxes due on property owned by members of the Armed Forces of the United States of America prior to their entry into such service, your opinion as above referred to does not go far enough and we would like to ask for an opinion on the following questions, towit:

"(1) What would be the status of an individual who has served six to eight months in the armed services and who has been discharged from such service?

"Inasmuch as Section One of said bill reads as follows: 'That there is hereby released to all members of the Armed Forces of the United States of America and their auxiliaries, and all members of the Armed Forces Reserve of the United States of America and their auxiliaries, all interest and penalties accruing subsequent to their entry into such service, on State and county ad valorem taxes on property listed on the tax rolls of any county in the name of any of such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Syrian E. Harbut, page 2

members of the Armed Forces or their auxiliaries or
the Armed Forces Reserve or their auxiliaries prior
to the time they joined such Armed Forces or such
auxiliaries; providing that the release of such
interest and penalties shall extend for the duration
of World War II, and providing that the respective
members of such Armed Forces and such auxiliaries
and such Armed Forces Reserve and their auxiliaries
shall be allowed a period of not to exceed six (6)
months after the cessation of hostilities in which
to pay without penalty and interest their taxes
which have accrued and which shall accrue during
the duration of the war.

"Referring back to our former question, would
the above person in said question be exempt from
payment of penalties and interest until six months
after the cessation of hostilities, even though he
had been discharged from the service and is now in
civilian life?

"We would like to have your opinion as to this
question.

"(2) Does the above referred to bill release
delinquent costs?

"We would like your opinion as to whether delin-
quent costs would also be deferred, along with penal-
ties and interest on delinquent taxes. Please let us
have your opinion on the above two questions."

Answering your first question, we are of the
opinion as follows:

When a person is (a) a member of the Armed Forces
of the United States of America or their auxiliaries, or a
member of the Armed Forces Reserve of the United States of
America or their auxiliaries, and (b) prior to the time such
person joined same, he (c) had listed in his name on the tax
rolls of the county any property subject to ad valorem taxes,
and (d) said ad valorem taxes, subsequent to such entry into
the above mentioned forces, and while the status of such
person as such member still obtained, became delinquent,
then (e) all interest and penalties on said delinquent taxes

Hon. Syrian E. Harbut, page 3

would be released by force of said Senate Bill No. 130 to said person for the duration of the war and for not more than six months after the cessation of hostilities.

You will note, from the very wording of the Act itself, that in order for it to apply to a person, the person in question must be a member as above mentioned, and his taxes must have become delinquent while his said membership obtains. The benefit of the Act is only extended to one who is such member. When a person, by virtue of his said membership, and by reason of the occurrence of the other conditions set forth in the Bill in question, had become entitled to the release from liability for the interest and penalty as provided in said Bill, then said benefit extends for the period of time as provided in the Bill, that is, until the cessation of hostilities and for not longer than six months thereafter.

On the other hand, if a citizen has been a member as aforesaid, and is discharged, and thereafter his said taxes become delinquent while he is not such member, then of course said delinquent taxes are merely the delinquent taxes of a citizen, whose penalties and interest on delinquent taxes are not released by the provisions of said Senate Bill No. 130. The provisions of said Senate Bill No. 130 never did become applicable to him; said Bill and its benefits were not intended to, and do not, apply to such ex-members. It is only to MEMBERS that it ever becomes applicable.

But when it does become applicable, then the benefits of Senate Bill No. 130 attach for the period of time provided by the terms of the Bill itself, that is, until the cessation of hostilities and for not longer than six months thereafter.

In regard to your second question, we advise as follows:

The Legislature, in enacting laws with reference to the delinquent taxes on property and the collection thereof, has from the earliest days of such legislation dealt with the charges accruing by reason of such tax delinquency in three classifications, namely, (a) interest, (b) penalties, and (c) costs. In the laws of the Republic of Texas, in the years

before 1840, there were no penalties or other exactions imposed on the citizen for failure to pay the ad valorem tax on property. (See Gammel's Laws, Vol. 1, pages 1319, 1321. Also Gammel's Laws, Vol. 2, page 140) But the first Act on this subject (the Act of January 16, 1840, see Gammel's Laws, Vol. 2, page 140) made provision for a "penalty" and "costs." "Costs" were defined in State v. Dyches, 28 Tex. 535, as being "The expenses of a suit or proceeding which may be recovered by law from the losing party." "Costs" have been further defined as a sort of indemnity to a party for his liability to the court's officers for the expenses of litigation. (See 11 Tex. Jur., Sec. 1, p. 227, citing De La Garza v. Carolan, 31 Tex. 367) As late as the year 1941 the Legislature of Texas used this classification, for in the enactment of what is now Art. 7337i of Vernon's Revised Civil Statutes of Texas, Section 1 of said Act dealt with "interest" and "penalties," while "costs" was the subject matter of Section 2 of said Article. (See Acts 1941, 47th Leg., p. 565, Ch. 358) "Costs" has a well-defined meaning in the law of Texas.

If the Legislature, in enacting Senate Bill 130 above mentioned, had desired to release the "costs," in addition to the "penalties" and "interest," the Legislature had at its disposal a plentitude of apt words for effectuating said purpose, and not having released the "costs," but having expressly released the "interest" and "penalty" only, we are of the opinion that the "costs" accruing on the subject matter of said Senate Bill No. 130 were not released thereby, and that it was not the intent of the Legislature that said "costs" should be released.

You are therefore advised that said Senate Bill No. 130 does not have the legal effect of releasing the "costs" provided for in the statutes of Texas in suits brought for the collection of delinquent ad valorem taxes.

Yours very truly

APPROVED SEP 11, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
George P. Blackburn
Assistant

GPB:AMM

APPROVED
OPINION
COMMITTEE